MONROE CORNISH and PATRICIA CORNISH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cornish v. Commissioner
Docket No. 10285-75.
United States Tax Court
T.C. Memo 1977-184; 1977 Tax Ct. Memo LEXIS 256; 36 T.C.M. (CCH) 762; T.C.M. (RIA) 770184; June 14, 1977, Filed *256 Rule 162. Tax Court Rules of Practice and Procedure.--The parties agreed that there was a deficiency of $1,117.26 in petitioners' income tax for 1973. Pursuant to a stipulation, the Court entered a decision reflecting the parties' agreement. Petitioners have given no persuasive reason why the decision should now be vacated. Held, petitioners' motion to vacate our prior decision is denied. Monroe Cornish, pro se. Herbert A. Seidman and Arnold K. Kaufman, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a deficiency of $1,776.86 in petitioners' Federal income tax for 1973. Petitioners placed this entire amount in dispute and trial was scheduled. Prior to trial the parties agreed that petitioners' deficiency was $1,117.26, and a stipulated decision reflecting this agreement was entered. Petitioners now claim in a "Petion [sic] to Reconsider Tax Decision and Motion to Proceed Incompus Mentus" [sic] that grounds exist upon which we should vacate our prior decision. The sole issue we must decide is whether petitioners have presented us with sufficient reason to vacate our prior decision.
Petitioners, *257 Monroe and Patricia Cornish, were residents of Baltimore, Maryland, when they filed their petition. Trial was set for November 30, 1976. On that date petitioners were not present in the courtroom, and respondent made an oral motion for continuance which, for purposes of settlement, was granted. The parties, on the same day, signed a joint agreement that petitioners' income tax deficiency for 1973 was $1,117.26, and a stipulated decision reflecting the parties' agreement was entered on December 7, 1976. Petitioners' motion to vacate, titled "Petion [sic] to Reconsider Tax Decision and Motion to Proceed Incompus Mentus," [sic] was filed February 4, 1977, and oral argument was scheduled for April 11, 1977. In his motion to vacate and on oral argument petitioner, Monroe Cornish, alleged that he made a $2,000 charitable gift in 1973 to Rev. Dora Vanderford, for which no deduction was taken. Rev. Dora Vanderford died in July 1973. Petitioner alleged he forgot to claim the charitable deduction because he had been hospitalized in a state mental institution where he was drugged and beaten by "tax agents, now working for the Secret Service and FBI," and "induced to forget." Although *258 petitioner claimed to have a receipt for his charitable gift, no receipt was presented to the Court on April 11, 1977. On April 13, 1977, the Court received a zeroxed copy of a document that reads: "Received from Monroe Cornish two thousand and 00/100 dollars. A Church Gift for the Incompos Mentus [sic] of the United Baptist Church. Witness: Joseph L. Fisher 5/30/73." The date in the right hand corner of the document is May 30, 1973, The word "June" is crossed out. There is no signature or indication of receipt by the alleged donee. Petitioners now ask us to vacate our decision entered December 7, 1976, claiming the stipulated decision does not reflect an allowable deduction of $2,000 for a charitable contribution made in 1973 to Rev. Dora Vanderford. Initially we note that motions to vacate are granted at the Court's discretion. It is not an abuse of discretion to deny the motion if the evidence presented to the Court was previously available or within the moving party's possession. See generally, , affg. , cert. denied ; *259 . The sole evidence on which petitioners ask us to vacate our prior decision--a document purporting to be a receipt for a $2,000 charitable gift--was neither newly discovered by petitioners nor was it previously unavailable. As such, it does not constitute a reasonable basis for us to vacate our prior decision. Petitioners had an opportunity to present their purported receipt to the Court on the trial date, November 30, 1976. They also had an opportunity to show their purported receipt to respondent during conferences to help the parties enter into a settlement. Having failed to show either respondent or the Court their purported receipt, and instead having agreed to a deficiency, we find petitioners' document an insufficient basis for vacating our prior decision.
We note that very little weight can be attached to the purported receipt. The original document was not presented to the Court during oral arguments; the date on the face of the document has been modified; no representative of the donee organization has acknowledged receipt of the gift; petitioners' friend, Joseph L. Fisher, who allegedly *260 witnessed the gift, did not appear in Court to support petitioner's testimony; and finally, the individual who purportedly received the gift on behalf of the United Baptist Church died shortly after the gift was made. All of these factors lead us to question the validity of petitioners' document and the credibility of petitioner's testimony. Because petitioners had an opportunity to present their document to the Court at the appropriate time yet failed to do so, and because the document itself is of questionable validity, petitioners' motion to vacate our decision in this case is denied. An appropriate order will be entered.